**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **RICHARD C. HOKE** | § | |
| | § | |
| **V.** | § | **NO. 1:13-CV-681** |
| | § | |
| **CAROYLN W. COLVIN,** | § | |
| **Commissioner of Social** | § | |
| **Security Administration** | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation filed on April 13, 2015 (Doc. No. 20), the Plaintiff's objections (Doc. No. 21), and the Defendant's response (Doc. No. 24). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit. Therefore, the court **ACCEPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits.

In his objections, Hoke merely repeats the same arguments he made in his initial briefing. He asserts that ALJ Whitney failed to properly consider the medical opinion evidence in determining Hoke's residual functional capacity (RFC). As he stated in his original brief, he argues that the ALJ

failed to properly evaluate the opinions of Dr. Thorpe, a treating physician, Jerri Frazier, a physical therapist, and Dr. Pataki, a state agency medical examiner.

Hoke claims in his objections that ALJ Whitney rejected *all* medical and non-medical opinion evidence. However, that is simply an untrue statement. ALJ Whitney adopted Dr. Thorpe's opinion as to his rotator cuff impairment and gave Dr. Thorpe's opinion "great weight." (Tr. 16-17.) He adopted Dr. Thorpe's opinion regarding Hoke's limitations in lifting/carrying no more than five pounds, no climbing or crawling, and no overhead reaching. (Id.) ALJ Whitney gave Dr. Pataki's opinion only "some weight," because the RFC ALJ Whitney determined was actually more restrictive in some areas. (Tr. 17.) Dr. Pataki stated that Hoke could frequently climb and crawl, and lift 20 pounds occasionally and 10 pounds frequently, whereas ALJ Whitney limited these areas. (Tr. 301-308.) Dr. Pataki also stated that Hoke was unlimited in his pushing and pulling, which ALJ Whitney agreed with. (Id.) Jerri Frazier also limited Hoke's lifting to five pounds and limited his overhead reaching, which ALJ Whitney included in his RFC. (Tr. 425.)

Hoke also argues that ALJ Whitney failed to wholly adopt Dr. Thorpe's opinion and failed to go through the required factors when a treating physician's opinion is rejected. Although Dr. Thorpe's opinion was given "great weight," the ALJ did not adopt two of his recommended limitations for his residual functional capacity - pushing/pulling and reaching. As noted by Judge Hawthorn, ALJ Whitney was not required to adopt every limitation found by Dr. Thorpe. See Gray v. Astrue, No. 1:09-CV-0101-BI, 2011 WL 856941, at *6 (N.D. Tex. Mar. 11, 2011) (The ALJ is "not required to accept any medical evidence *in toto*, rather, [the ALJ's] RFC determination is based upon the evidence as a whole."). Further, the record reflects that ALJ Whitney applied the statutory factors listed in 20 C.F.R. § 404.1527(c), which satisfies the regulations where an opinion by a

treating physician is wholly rejected (although that was not the case here).  See Brock v. Astrue, No.

3–10–CV–1399–BD, 2011 WL 4348305, at *4 (N.D. Tex. September 16, 2011) ("Although the ALJ

did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527[(c)], he

cited to the applicable regulations and demonstrated that the relevant factors had been considered.

The regulations require only that the Commissioner "apply" the section 1527[(c)] factors and

articulate good reasons for the weight assigned to a treating source opinion. The ALJ need not recite

each factor as a litany in every case.").  Moreover, the court agrees with Judge Hawthorn's harmless

error analysis on this point.  There is substantial evidence in the record supporting ALJ Whitney's

RFC determination.  With regard to Dr. John Pataki, the non-examining state agency medical

examiner, and Jerri Frazier, Hoke's physical therapist, a detailed analysis as to the weight given to

their opinions is not required as stated in Judge Hawthorn's report.

Hoke also objects to Judge Hawthorn's finding regarding Hoke's ability to perform

alternative jobs.  He argues that the vocational expert was not advised of the opinions regarding his

reaching and handling restrictions, so the hypothetical question posed was defective.  A hypothetical

question posed to a vocational expert is acceptable as long as it reasonably incorporates all

recognized disabilities, and the claimant or his representative is afforded the opportunity to correct

deficiencies in question by mentioning or suggesting to the vocational expert any purported defects

(including additional disabilities not recognized by the ALJ's findings and disabilities recognized

but omitted from the question).  Bowling v. Shalala, 36 F.3d 431, 436 (5th Cir. 1994) (citing Gallant

v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) ("Unless there is record evidence to adequately

support [assumptions made by a vocational expert], the opinion expressed by the vocational expert

is meaningless.")).

As stated above, ALJ Whitney properly considered the opinions of Dr. Thorpe, Dr. Pataki and Ms. Frazier, and the RFC is supported by substantial evidence. Consequently, the court finds that ALJ Whitney reasonably incorporated all of Hoke's disabilities as set forth in his RFC at step five. Further, Hoke's counsel was present at the hearing and afforded an opportunity to correct any deficiencies in the questioning of the expert. (Tr. 50-53.) However, he did not ask the vocational expert any questions regarding the limitations of reaching, pulling or pushing, which he is now claiming should have been included. (Id.) Nor did he ask the expert what jobs would be available if he was limited to "frequently" using his hands as opined by Dr. Pataki. (Tr. 52, 304.) Therefore, Hoke's argument on this issue is also waived. See Quintanilla v. Astrue, 619 F. Supp. 2d 306, 323 (S.D. Tex. 2008) ("An applicant waives his right to challenge a hypothetical on review if he does not address its deficiencies at the hearing.") (citing Wise v. Barnhart, 101 F. App'x 950, 951 (5th Cir. 2004)). As such, substantial evidence supports ALJ Whitney's step five determination.

Accordingly, the Plaintiffs objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **3**  day of **June, 2015.**


_____
Ron Clark, United States District Judge

4